IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

HUGO ALBERTO CORRALES                                        PETITIONER
Reg. #11474-032

V.                              NO. 2:12CV00089-BSM-JTR

T.C. OUTLAW, Warden,                                        RESPONDENT
FCI-Forrest City

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

-1-

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.   An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Hugo Alberto Corrales, an inmate in the Federal Correctional Institution in Forrest City, Arkansas (FCI-FC), brings this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus, challenging a prison disciplinary conviction.  (Docket entry #1.) Respondent has filed a Response, and Petitioner has now filed a Reply.  (Docket

entries #8, #10.)  Thus, the issues are joined and ready for disposition.

On April 29, 2011, an FCI-FC prison officer conducted a random search of the cubicle assigned to Petitioner and another inmate.  The officer discovered a homemade sharpened weapon approximately eight inches long.  The officer wrote an incident report charging Petitioner with the prohibited act of possessing a "weapon, sharpened instrument [or] knife."  (Docket entry #8-2, at 4.)[1]  When he was advised of the charge later that day,  Petitioner said: "I don't know anything about that thing that was found.  I have never seen it before." (*Id.* at 5.)[2]

On May 5, 2011, the Unit Discipline Committee (UDC) considered the disciplinary charge.  Petitioner told the UDC the weapon "is not mine." (*Id.* at 4.) The UDC referred the matter to a Discipline Hearing Officer (DHO), notified Petitioner that he would be appearing before a  DHO, and further advised him of his rights in connection with the proceedings, including the rights: to have a written copy of the charge at least twenty-four hours before his hearing; to have a staff member represent him; to present a statement; and to call witnesses and present documentary

[1]Respondent submitted the disciplinary documents as attachments to the Declaration of James D. Crook, Supervisory Attorney with the Federal Bureau of Prisons (BOP) Consolidated Legal Center.  (Docket entries #8-1, 8-2.)

[2]The disciplinary matter was suspended pending referral to the United States Attorney for possible prosecution. On May 2, 2011, the United States Attorney declined prosecution and released the incident report back to the BOP for continued administrative processing.  (Docket entry #8-2, at 4, 5, 6, 9.)

evidence. (*Id.* at 4, 10-11, 13.) When he received notice of the hearing, Petitioner did not request a staff representative or any witnesses. (*Id.* at 11.)

On June 2, 2011, the DHO conducted a hearing on the disciplinary charge. Petitioner was present, and denied the charge, stating that he had no knowledge of the weapon found in his cell.   He did not call any witnesses or request a staff representative. (*Id.* at 1.) The DHO found that Petitioner had committed the charged offense and imposed thirty days of disciplinary segregation, loss of twenty-seven days of good conduct time, and loss of commissary, visitation, telephone and e-mail privileges for ninety days. (*Id.* at 2-3, 13.) The DHO relied on the following evidence to support his findings:

> (1)    The written reports of the charging officer and the investigating officer;
>
> (2)    Petitioner's statement to the investigating officer that he knew nothing about the weapon and had never seen it before;
>
> (3)    Petitioner's statement to the UDC that the weapon was not his;
>
> (4)    Petitioner's testimony during the DHO hearing that he had no knowledge of the weapon found in his cell;
>
> (5)    Petitioner's failure to provide any evidentiary documentation to support his denial of the charge; and
>
> (6)    A photograph of the confiscated weapon.

(*Id.* at 2, 4, 5, 7.)

After summarizing the evidence, the DHO stated:

I find it relevant Officer Mallard found this weapon inside the bunk ladder of the cubicle to which you were assigned. It is imperative in a correctional setting inmates maintain their living areas free of contraband at all times. It is obvious this did not occur in this situation. As was stated in the DHO hearing, anytime you leave your cubicle for any reason, to ensure you are not being "set up," you must search it each and every time you re-enter your assigned living area. As neither you [nor] your cellmate claimed responsibility for this weapon, you are both being held equally accountable for the weapon being found in your assigned cubicle. The supporting documentation, specifically the photograph, provides compelling evidence to corroborate the charge. Upon your commitment to this facility, you participated in Admission and Orientation (A&O) wherein you were advised of [BOP] rules and regulations and your responsibility to abide by these rules. You were also provided an A&O handbook which further details prohibited acts. Your participation in A&O and knowledge of BOP rules and regulations establishes your culpability. Possessing a weapon, regardless of the circumstances, is a prohibited act.

Based on the written account of Officer Mallard and the supporting documentation, the greater weight of evidence supports my finding you committed the prohibited act of possession of a weapon, Code 104.

(*Id.* at 2.)

The DHO then stated the following basis for the sanctions imposed:

The action on your part to possess any type of weapon capable of inflicting serious injury to another person, whether another inmate or staff member, threatens the health, safety and welfare of not only the inmate involved, but that of all other inmates and staff. In the past, this type of action has been shown to result in serious injuries, even death. The sanctions I have imposed are to let you know you, and you alone, are held responsible for your actions at all times.

(*Id.* at 3.)[3]

In this § 2241 action, Petitioner argues that the disciplinary conviction should be "expunged" from his record, and his good conduct time restored, because the decision was not supported by "some evidence," in violation of his due process rights. In support of his argument, Petitioner asserts that:

(1)     Over 150 inmates have access to his living area, which has no door, is surrounded by chest-high partitions, and is at the back of the housing unit, furthest from the officer's station;

(2)     His bunk bed is near a three-foot-high wall and any inmate could have easily bent over the wall and placed the weapon in the ladder post in a matter of seconds, or stepped into his living quarters to insert the weapon;

(3)     Petitioner had been away from his living area for over an hour before the weapon was found; and

(4)     He is vigilant in keeping his living area free of contraband and has no violence in his past, which made the weapon possession that much more improbable.

### III. Discussion

In the context of a prisoner's disciplinary conviction, due process only requires that the record contain "some evidence" to support a disciplinary decision that results

---

[3]Petitioner provides documentation that he utilized the BOP's administrative procedures to appeal the disciplinary decision.  (Docket entry #1, at 15-22.)  Respondent does not argue that Petitioner has failed to exhaust his administrative remedies.

in the loss of good-time credits. *Superintendent v. Hill*, 472 U.S. 445, 454-56 (1985). "Some evidence" has been construed to mean "*any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added). Under this minimal evidentiary standard, federal courts are required to defer to the judgment of prison officials in maintaining discipline in their institutions while meeting constitutional requirements. *Id.* at 456. This limited review by federal courts does not require examination of the entire record, independent assessment of credibility of witnesses, or weighing of the evidence. *Id.* at 455. Where the record contains some evidence to support the disciplinary decision, it cannot be characterized as arbitrary. *Id.* at 457.

Prison officials can permissibly rely solely on violation reports to find inmates guilty of disciplinary infractions. *Id.* at 456; *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008); *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). Furthermore, the Eighth Circuit has accepted a "collective responsibility theory" for contraband found in a shared area, concluding that an inmate's failure to keep his living area free of contraband, in violation of prison rules, constitutes "some evidence" to support a disciplinary conviction for possessing that contraband. *Flowers v. Anderson*, 661 F.3d 977, 980-81 (8th Cir. 2011) (upholding disciplinary conviction for weapon possession under *Hill* where the record contained evidence that

staff member discovered weapons in a common area of room for which two inmates shared responsibility); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) ("some evidence" supported disciplinary finding against inmate where contraband was found in a shared locker box, even though another inmate admitted culpability).

Applying the *Hill* standard to the facts in this case, the Court concludes that the record contains "some evidence" to support the DHO's finding that Petitioner committed the prohibited act of possessing a weapon. It is undisputed that an officer found a homemade weapon in the living area shared by Petitioner and one other inmate. The DHO made a detailed statement of the evidence upon which he relied to support his findings, including reports by charging and investigating officers, Petitioner's earlier statements, and his testimony at the DHO hearing. Under *Hill*, this Court cannot reweigh the evidence. Thus, the Court concludes that Petitioner's claim is without merit.[4]

### III. Conclusion

---

[4]Petitioner does not allege that he was denied any of the procedural safeguards required by *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the record shows that the minimum due process protections were provided. *See id.* at 563-67 (when a prison disciplinary proceeding results in the loss of good-time credits, inmate must receive: (1) written notice of the disciplinary charges at least twenty-four hours before the hearing; (2) an opportunity to call witnesses and present a defense; and (3) a written statement from an impartial decision-maker identifying the evidence relied upon and the reasons for the disciplinary action).

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus (docket entry #1) be DENIED, and that this case be dismissed, with prejudice.

DATED this 7th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE